```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON

DAVID A. GEORGE and
TINA N. GEORGE,

     Plaintiffs,

v.                                  Case No. 2:08-cv-0141

KANAWHA COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MIKE RUTHERFORD,
OFFICER J. M. VERNON,
KANAWHA COUNTY HUMANE SOCIETY,
OFFICER DICK COLL, and
SOUTH CENTRAL REGIONAL JAIL,

     Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On March 3, 2008, plaintiffs David A. George and Tina N. George, *pro se*, filed a Complaint under 42 U.S.C. § 1983 (docket # 1), alleging that the defendants violated their civil rights in connection with the arrest and incarceration of Tina George on September 17, 2007.  Pending before the court is the Motion to Dismiss filed on April 8, 2008 (# 10), by defendants Kanawha County Humane Society, also known as Kanawha-Charleston Humane Association ("KCHA"), and Humane Officer Dick Coll ("Coll").

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' Complaint alleges that at approximately 11:30 a.m., September 17, 2007, Tina N. George was at the residence she shares with her ex-husband, David A. George, 561 Campbells Creek

Drive, Charleston, West Virginia, when Humane Officer Dick Coll, a representative of the KCHA, arrived at the residence and complained that Plaintiff's dog, a Chihuahua, was chained outside without a doghouse.  (Complaint, # 1, at 7).[1]  Ms. George alleges that she informed Coll that the dog is an inside dog and that no outside doghouse was necessary.  She states this was the second time Officer Coll visited regarding the alleged animal cruelty.  Ms. George was not cited either time for animal cruelty.  Id.

Ms. George called Kanawha County 911 at approximately 12:00 p.m. to report that Coll was harassing her.  Id.  Shortly thereafter, Officer J. M. Vernon of the Kanawha County Sheriff's Department arrived at the residence.  Tina George alleges that Coll remained at the residence which contributed to her "agitated state."  Id.  Plaintiffs allege that after she was arrested, Coll illegally entered the house without permission and took the dog. Id., at 8.  It appears that David George was not present during the incident.

Viewing the complaint in the light most favorable to the plaintiffs, it appears that the Georges allege that their constitutional rights were violated by:

- Coll advising Tina N. George of the requirement of a doghouse;
- Coll remaining at the scene after Officer Vernon arrived; and

---

[1] A status conference on this matter was conducted before the undersigned on June 19, 2008 (# 28). During the status conference, plaintiffs David A. George and Tina N. George testified that they share the residence at 561 Campbells Creek Drive, Charleston, West Virginia.

- Coll entering the George's residence without a warrant and seizing the dog.

Nothing in the complaint alleges that KCHA did anything to the plaintiffs. The court assumes that KCHA was named as a party defendant because it is Coll's employer.

On April 8, 2008, defendants KCHA and Coll filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, and a Memorandum in Support (## 10, 11). Plaintiffs filed a response (# 20).

## **ARGUMENTS OF THE PARTIES**

In their Motion to Dismiss, these defendants claim that they are entitled to statutory immunity against Plaintiffs' claims under West Virginia Code § 29-12A-5(b) because "an employee of a political subdivision is immune from liability," and Coll was acting in accordance with statutorily imposed duties to investigate animal cruelty, enforce animal cruelty statutes, and seize an animal whose owner is arrested to avoid animal neglect/abandonment. (Motion, # 10, at 1.) KCHA and Coll assert that an employee of a political subdivision can only be held liable when "his or her acts or omissions were manifestly outside the scope of employment or official responsibilities; his or her acts or omissions were with malicious purpose, in bad faith, or in wanton or reckless manner; or liability is expressly imposed upon the employee by a provision of this code." W. Va. Code § 29-12A-5(b)(1)-(3). (Mem., # 11, at

8.)

KCHA and Coll also raise the defense of qualified immunity, citing Harlow v. Fitzgerald, 457 U.S. 800 (1982), and Saucier v. Katz, 533 U.S. 194 (2001). They contend that West Virginia law gives a humane officer "the legal authority to access animal owners' property to inspect the living conditions afforded by them to their animals," and "to seize an animal when its owner is arrested or when he finds that said owner has deprived the animal of necessary shelter." Id., at 3. The defendants assert that the arrest of Ms. George constituted an "abandonment of the dog, which placed a duty upon Officer Dick Coll to enter the house and take possession." Id., at 7.

The plaintiffs respond that KCHA and Coll are not entitled to qualified immunity when they commit intentional civil rights violations, citing to 42 U.S.C.A. § 1983. (Response, # 20, at 1.) Regarding West Virginia Code § 29-12A-5(b), the plaintiffs assert that Coll acted manifestly outside the scope of his employment or official responsibilities when he harassed Ms. George regarding her dog being chained outside without a dog house. Id., at 3. The plaintiffs argue that Coll was aware that the dog was a house dog and that there was a collapsible dog house on the porch of the residence. Plaintiffs note that they was not cited for any form of cruelty, abandonment or neglect of the dog by Coll. Id., at 36-37. Plaintiffs assert that Coll's act of remaining at their home after

the Sheriff's deputy arrived, when he issued no citation alleging animal cruelty, and his investigation was complete, was manifestly outside the scope of his employment or official responsibilities, and constituted harassment. They contend that Coll unlawfully entered the residence and seized their property (the dog) without a warrant, in violation of the Fourth Amendment to the Constitution. Id., at 3, 28, 30. The plaintiffs argue that the KCHA's abandonment argument is not credible given that many animal owners go to work and leave their pets inside a house, or outside on a chain, for the duration of their work day, without being cited for "abandonment." Id., at 15.

## ANALYSIS

### Qualified Immunity

When defendants in civil rights cases invoke qualified immunity, federal courts apply the federal qualified immunity principles set forth in Saucier v. Katz, 533 U.S. 194, 200-02 (2001), Anderson v. Creighton, 483 U.S. 635, 639-641 (1987), Harlow v. Fitzgerald, 457 U.S. 800, 817-819 (1982), and many other cases. Government officials performing discretionary functions are generally protected from civil damages liability if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. at 818; Taylor v. Waters, 81 F.3d 429, 433 (4th Cir. 1996). In a case in which the defense of qualified

immunity is raised, the court looks to the evidence before it in the light most favorable to the plaintiff and asks, "do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201. If so, the next step "is to ask whether the right was clearly established." Id.

Of the plaintiffs' three alleged violations of constitutional rights (advice of the law, remaining at the scene, and entering the residence and seizing the dog), it is plain that only the third claim should survive as to defendant Coll.

Advice of the Law

According to the allegations in the Complaint, the plaintiffs contend that defendant Coll violated Ms. George's civil rights by informing her that the law requires her to provide shelter for her pet if the dog was kept outdoors. West Virginia Code Section 7-10-1 provides, in pertinent part, that a humane officer "shall personally see that the law relating to the prevention of cruelty to animals is enforced." West Virginia Code Section 61-8-19(a) makes it a misdemeanor for a person cruelly to mistreat, abandon, or withhold proper sustenance, including shelter, necessary to sustain normal health and fitness, from an animal. Coll's advice to Ms. George, that the law requires a pet owner to provide shelter for the animal, was an act of enforcing the animal cruelty laws, which he is mandated to do. If Coll's contact with Ms. George was rude or upsetting, that is a matter about which she can complain to

his supervisor, but it is not a violation of her constitutional rights.

The undersigned proposes that the presiding District Judge **FIND** that Officer Coll was acting in accordance with his statutorily imposed duties to investigate animal cruelty and enforce animal cruelty statutes under the West Virginia Code when he twice questioned plaintiff Tina N. George regarding the care of her dog, and that his conduct in that regard did not violate her constitutional rights.

Remaining at the Scene

Ms. George alleges that Coll violated her constitutional rights by remaining at the scene after the deputy sheriff arrived, for the purpose of harassing Ms. George. A citizen does not have a constitutional right to dictate which law enforcement officers will be present at an incident. Defendant Coll was a witness to the incident investigated by the deputy sheriff, and it was appropriate for him to remain unless directed to leave by the investigating officer.

Entry of the Residence and Seizure of the Dog

As noted above, defendant Coll argues that the arrest of Ms. George "was effectively an abandonment of the dog, which placed a duty upon Officer Dick Coll to enter the house and take possession." (Mem., # 11, at 7.) He cites to no case in support of this proposition, although he cites to West Virginia Code

Sections 7-10-2, -3, and -4.

Section 7-10-2(a) provides that, [u]pon reasonable cause, and <u>as provided by law</u>, such officers have the right to access and inspection of records and property as may be reasonably necessary to any investigation." [Emphasis supplied.] Section 7-10-3 pertains to seizure of an animal in a vehicle and is irrelevant to this case. Ms. George's dog was not in her vehicle. Section 7-10-4(a) provides that "a humane officer shall take possession of any animal . . . known or believed to be abandoned, neglected, deprived of necessary sustenance, shelter, . . . or reasonable protection from fatal freezing or heat exhaustion or cruelly treated or used . . . ."

Following the mandate of <u>Saucier</u>, the first question is to identify the constitutional right(s) allegedly violated. Taking the allegations of the complaint in the light most favorable to the plaintiffs, the undersigned concludes that the plaintiffs allege that defendant Coll unlawfully and unconstitutionally entered their residence without a warrant and without their consent, and thereafter seized their dog. The complaint clearly states a claim that defendant Coll violated the Georges' Fourth Amendment right to be free of unreasonable searches of their residence.

It is a well settled "principle of Fourth Amendment law that searches . . . inside a home without a warrant are presumptively unreasonable." <u>Payton v. New York</u>, 445 U.S. 573, 586 (1980). The

8

only excuse offered by defendant Coll for his entry into the Georges' private residence without a warrant is that when Ms. George was arrested by the deputy, he considered the dog to be "abandoned." While W. Va. Code § 7-10-4 does give a humane officer the right to take possession of an abandoned animal, under the circumstances of this case, a dog who is inside an inhabited private residence can hardly be characterized as "abandoned." Moreover, W. Va. Code § 7-10-2 provides that a humane officer's reasonable and necessary right of access to property must be based "upon reasonable cause, and as provided by law." The Fourth Amendment, absent exigent circumstances, requires issuance of a warrant by a neutral and detached judicial officer on probable cause. This constitutional right has been clearly established since the promulgation of the doctrine of qualified immunity.

The undersigned proposes that the presiding District Judge **FIND** that defendant Coll is not entitled to qualified immunity for his warrantless entry into the Georges' residence.

Seizure of Property

In addition to entering the Georges' residence without a warrant, defendant Coll also seized their dog. While not directly raised by KCHA and Coll, the court notes that, in Altman v. City of High Point, NC, 330 F.3d 194, 203 (4th Cir. 2003), the Fourth Circuit held that privately owned dogs are "effects" subject to the protections of the Fourth Amendment. The undersigned proposes that

the presiding District Judge **FIND** that defendant Coll is not entitled to qualified immunity for his seizure of the Georges' dog from their residence, in apparent violation of the Fourth Amendment.

### Statutory Immunity

The West Virginia Code provides as follows:

An employee of a political subdivision is immune from liability unless one of the following applies:
(1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
(2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
(3) Liability is expressly imposed upon the employee by a provision of this code.

W. Va. Code § 29-12A-5. Coll argues that this provision immunizes him from potential liability under a federal statute; he is in error.

It is well established that State statutes and common law providing for immunity of State agencies and their employees are inapplicable in Section 1983 proceedings. Rather, the federal law of immunity applies in Section 1983 proceedings. Howlett v. Rose, 496 U.S. 356, 383 (1990)(States may not apply their own immunity laws to bar Section 1983 claims against State officials); Owen v. City of Independence, 445 U.S. 622, 647, fn. 30 (1980) (A municipality's common law immunities are inapplicable with respect to Section 1983 claims).

Accordingly, the undersigned proposes that the presiding

District Judge **FIND** that defendant Coll, an employee of a political subdivision, is not entitled to a finding of statutory immunity pursuant to W. Va. Code § 29-12A-5, in a case brought under 42 U.S.C. § 1983.

### Kanawha-Charleston Humane Association

Defendant KCHA is defendant Coll's employer. The complaint has no allegation of any kind against the KCHA. It is well-settled that the doctrine of *respondeat superior*[2] is inapplicable to actions under Section 1983. <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978).

### RECOMMENDATION

It is respectfully **RECOMMENDED** that the Motion to Dismiss (# 10) be granted as to defendant KCHA, denied as to defendant Coll's entry of the residence and seizure of the dog, and otherwise granted as to defendant Coll (advice of the law and remaining at the scene).

The parties are hereby notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of

---

[2] "Let the master answer. This maxim means that a master is liable in certain cases for the wrongful acts of his servant, and a principal for those of his agent." <u>Black's Law Dictionary rev. 4th ed.</u>, at 1475 (1968).

11

objections) and three days (mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841,846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91,94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is hereby directed to mail a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and counsel of record.

ENTER: November 20, 2008

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge