```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON

DAVID A. GEORGE and
TINA N. GEORGE,

      Plaintiffs,

v.                                    Case No. 2:08-cv-0141

KANAWHA COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MIKE RUTHERFORD,
OFFICER J. M. VERNON,
KANAWHA COUNTY HUMANE SOCIETY,
OFFICER DICK COLL, and
SOUTH CENTRAL REGIONAL JAIL,

      Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On March 3, 2008, plaintiffs David A. George and Tina N. George, *pro se*, filed a Complaint under 42 U.S.C. § 1983 (docket # 1), alleging that the defendants violated their civil rights in connection with the medical care provided (or not provided) to Tina George during her incarceration at the South Central Regional Jail ("SCRJ") on September 17-18, 2007. They seek compensatory damages. Pending before the court is the Motion to Dismiss or, in the Alternative, for Summary Judgment, filed on April 7, 2008 (# 8), by defendant SCRJ. Plaintiffs filed a response (# 17) to the SCRJ's motion.

Viewing the complaint in the light most favorable to the plaintiffs, it appears that the Georges allege that Tina George's

constitutional rights were violated by the Jail failing:

- To give her <u>Miranda</u> warnings (5th and 6th Amendments);
- To give her an opportunity to make a telephone call;
- To confirm her prescriptions, with resulting failure to administer prescribed doses of phenobarbital and Keppra (an anti-epileptic medication), causing her to suffer seizures and to injure her neck (8th Amendment); and
- To provide medical treatment during and after her seizures (Eighth Amendment).

(Complaint, # 1, at 10-11.)

In the Motion to Dismiss, the SCRJ raises several grounds, but the court will address only one: that Plaintiffs have failed to name a "person" as a defendant. The South Central Regional Jail is a building which is one of several custodial and penal institutions administered by the West Virginia Regional Jail & Correctional Facility Authority ("the Jail Authority"). As an entity of the State of West Virginia, the Jail Authority is protected from suit for money damages by the Eleventh Amendment to the Constitution of the United States. A state agency is not a "person" within the meaning of 42 U.S.C. § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the South Central Regional Jail is not a "person" within the meaning of 42 U.S.C. § 1983, and that the Jail

Authority is protected from suit for money damages by the Eleventh Amendment.

If Plaintiffs continue to believe that Tina George's civil rights were violated while she was in custody at the South Central Regional Jail, then they may file a motion to amend their complaint in which they (1) identify her serious medical need, and (2) name as one or more party defendants those individuals who were deliberately indifferent to her serious medical need.  "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Munic. of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990).  "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. See Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. See id. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106.

Miltier, 896 F.2d at 851-852.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the Motion to Dismiss (# 8) be granted without prejudice.

The parties are hereby notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841,846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is hereby directed to mail a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and counsel of record.

ENTER: December 9, 2008

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge