```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

DAVID A. GEORGE and
TINA N. GEORGE,

    Plaintiffs,

v.                                    Civil Action No.  2:08-0141

KANAWHA COUNTY SHERIFF'S DEPARTMENT and
SHERIFF MIKE RUTHERFORD and
OFFICER J. M. VERNON and
KANAWHA COUNTY HUMANE SOCIETY and
OFFICER DICK COLL,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss filed April 8, 2008, by the Kanawha County Humane Society ("KCHS") and Humane Officer Dick Coll ("Officer Coll").  This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

The court has reviewed the Proposed Findings and Recommendation entered by the magistrate judge on November 20, 2008.  The magistrate judge recommends that the motion to dismiss be granted in all respects except that it be denied as it relates to Officer Coll's entry into plaintiffs' residence and the seizure of their canine.  The plaintiffs have not objected.

On December 9, 2008, Officer Coll objected. The court has reviewed the objections. First, Officer Coll contends that the magistrate judge made a finding of fact that he re-entered plaintiffs' home for purposes of seizing the canine. The court does not agree. The magistrate judge, as required by binding precedent, instead merely treated plaintiffs' allegations as true for purposes of Officer Coll's motion to dismiss. See Presley v. City Of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) ("[W]hen . . . a defendant seeks dismissal of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'") (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

Second, Officer Coll essentially contends that state law authorizes a humane officer to enter a private residence and seize an abandoned or neglected animal. The Warrant Clause, and the authorities interpreting it, suggest otherwise. See, e.g., Bailey v. Kennedy, 349 F.3d 731, 743 (4th Cir. 2003) ("The police officers argue that exigent circumstances made their warrantless entry into the Bailey residence objectively reasonable. [But

since] . . . the officers had no reason to believe that [an occupant or visitor] . . . was . . . [in] danger . . . , no exigent circumstances justified their warrantless entry into the Baileys' home. . . . [I]t was clearly established that no exigent circumstances requiring immediate action to protect human life existed to justify the search.").

Inasmuch as Officer Coll's objections are not meritorious, and following a _de novo_ review, the court concludes that the recommended disposition is correct. The court, accordingly, ORDERS as follows:

1. That the magistrate judge's Proposed Findings and Recommendation be, and it hereby is, incorporated herein in its entirety;
2. That defendant KCHS be, and it hereby is, dismissed from this action;
3. That the claims pled against Officer Coll relating to his entry into plaintiffs' residence and the seizure of their canine be, and they hereby are, retained for further proceedings, with all other claims against Officer Cole dismissed from this action; and
4. That this matter be, and it hereby is, referred anew to the magistrate judge for further proceedings in accordance with the March 11, 2008, standing order.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiffs, and the United States Magistrate Judge.

DATED: February 3, 2009

_____
John T. Copenhaver, Jr.
United States District Judge