```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

DAVID A. GEORGE and
TINA N. GEORGE,

      Plaintiffs,

v.                                    Civil Action No.  2:08-0141

KANAWHA COUNTY SHERIFF'S DEPARTMENT and
SHERIFF MIKE RUTHERFORD and
OFFICER J. M. VERNON and
OFFICER DICK COLL,

      Defendants

## MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss filed April 10, 2008, by the Kanawha County Sheriff's Department ("KCSD"), Sheriff Mike Rutherford ("Sheriff Rutherford"), and Deputy J.M. Vernon ("Deputy Vernon").  This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

The court has reviewed the Proposed Findings and Recommendation entered by the magistrate judge on December 8, 2008.  The magistrate judge recommends that the motion to dismiss be granted as to KCSD and Sheriff Rutherford, denied as to Deputy Vernon, and that any claims relating to the failure to transport

plaintiff Tina George to the hospital or to provide her Miranda warnings be dismissed sua sponte.

On December 19, 2008, plaintiffs objected. Plaintiffs contend that the magistrate judge erred in concluding that there was no basis to support Sheriff Rutherford's liability. The magistrate judge specifically observed that, inasmuch as plaintiffs (1) failed to allege a custom and policy pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and (2) the three elements necessary for supervisory liability under Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994), Sheriff Rutherford was properly dismissed.

While the materials do not appear to have been before the magistrate judge at the time the proposed findings and recommendation were entered, both plaintiffs previously sent Sheriff Rutherford letters concerning Deputy Vernon's alleged misconduct. The court has reviewed, inter alia, the letters dated September 22, October 13, October 28, 2007, and February 28, 2008. Two of the letters, each from David George, recount what he contends were unlawful traffic stops involving him by Deputy Vernon on October 10, 2007, and February 28, 2008. The stops occurred after letters to Sheriff Rutherford had previously been sent by either Tina or David George complaining about

alleged mistreatment they had received from Deputy Vernon. The sequence and substance of the letters and the events surrounding them support the continued viability of the municipal liability claim against KCSD and the official and individual capacity claims pled against Sheriff Rutherford at this stage of the case, at least as to any claim arising after the date of plaintiff Tina George's arrest. The court, accordingly, sustains the objection to the dismissal of KCSD and Sheriff Rutherford.

On December 22, 2008, Deputy Vernon objected. Deputy Vernon first objected to the analysis of plaintiff Tina George's claim made pursuant to the Equal Protection Clause ("equal protection claim"). As correctly noted by the magistrate judge, the per curiam decision in Village of Willowbrook v. Olech, 528 U.S. 562 (2000), suggested that an equal protection claim arises for a "class of one" when the aggrieved citizen alleges that, as the result of illegitimate animus, she has, without any rational basis, been intentionally treated differently from others similarly situated.

The Supreme Court has intimated very recently that its class of one jurisprudence may not have any application in the subjective context under consideration. Perhaps in an attempt to cabin Olech, the high Court observed as follows:

3

> There are some forms of state action, however, which by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.
>
> Suppose, for example, that a traffic officer is stationed on a busy highway where people often drive above the speed limit, and there is no basis upon which to distinguish them. If the officer gives only one of those people a ticket, it may be good English to say that the officer has created a class of people that did not get speeding tickets, and a "class of one" that did. But assuming that it is in the nature of the particular government activity that not all speeders can be stopped and ticketed, complaining that one has been singled out for no reason does not invoke the fear of improper government classification. Such a complaint, rather, challenges the legitimacy of the underlying action itself--the decision to ticket speeders under such circumstances. Of course, an allegation that speeding tickets are given out on the basis of race or sex would state an equal protection claim, because such discriminatory classifications implicate basic equal protection concerns. But allowing an equal protection claim on the ground that a ticket was given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action. It is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized.

**Engquist v. Oregon Dept. of Agriculture**, 128 S. Ct. 2146, 2154 (2008).

In view of the discretion committed to Deputy Vernon after arriving at the rapidly unfolding and tense scene presented to him on the date of plaintiff Tina George's arrest, the equal protection claim fails. See Engquist, 128 S. Ct. at 2154.

Deputy Vernon next objects to the recommendation that he be denied qualified immunity respecting Plaintiff Tina George's First Amendment claim. Plaintiff Tina George contends that she was arrested as a result of her mere verbal opposition to Deputy Vernon, which she contends constituted protected speech. Deputy Vernon cites an unpublished decision by a member of this court wherein it is observed that cursing at a police officer is protected speech but that the law is not clearly established in that regard. See Osborn v. Lohr-Robinette, No. 1:05-0106, 2006 WL 3761597, at *7 (S.D. W. Va. Dec. 20, 2006).

The court notes, as conceded by Deputy Vernon, that unpublished decisions do not constitute precedent. It is also noteworthy that at least two circuit courts of appeal have observed, like the magistrate judge, that it would violate clearly established law for a law enforcement officer to arrest an individual in retaliation for the use of profanity. See, e.g., McCurdy v. Montgomery County, 240 F.3d 512, 520 (6th Cir. 2001)(recognizing that despite an individual's repeated use of

profanity toward an inquiring law enforcement officer that "[i]t is well-established . . . that [the individual] . . . had a constitutional right to challenge verbally Officer Cole's surveillance . . . ."); MacKinney v. Nielsen, 69 F.3d 1002, 1007 (9th Cir. 1995) ("Even when crass and inarticulate, verbal challenges to the police are protected. Officer Nielsen should have known that Mackinney's verbal protests could not support an arrest under . . . [state law]. It was unreasonable of him to think otherwise."); see also City of Houston v. Hill, 482 U.S. 451, 461 (1987) (noting "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.").

At the same time, the Supreme Court and the court of appeals have observed that "'[t]he freedom verbally to challenge police action is not without limits . . . .'" Wilson v. Kittoe, 337 F.3d 392, 401 (4th Cir. 2003) (quoting Hill, 482 U.S. at 463). The extended discussion in Wilson notes the often fact-intensive nature of the qualified immunity inquiry in this setting. It seems apparent that further factual development will better indicate the availability of a qualified immunity defense. The court, accordingly, overrules Deputy Vernon's objection respecting his entitlement to qualified immunity at this juncture

6

of the case.

Deputy Vernon's remaining objections are either not well taken or are adequately covered in the discussion found in the separate memorandum opinion and order entered this same day resolving Humane Officer Coll's objections.

Accordingly, following a de novo review, the court concludes that the recommended disposition is correct except insofar as it recommends the dismissal of KCSD and Sheriff Rutherford.  The court, accordingly, ORDERS as follows:

1. That the magistrate judge's Proposed Findings and Recommendation be, and it hereby is, incorporated herein except insofar as it recommends the dismissal of KCSD and Sheriff Rutherford; and

2. That this matter be, and it hereby is, referred anew to the magistrate judge for further proceedings in accordance with the March 11, 2008, standing order.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiffs, and the United States Magistrate Judge.

DATED: February 3, 2009

John T. Copenhaver, Jr.
United States District Judge

7