```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

DAVID A. GEORGE and
TINA N. GEORGE,

    Plaintiffs,

v.                                      Case No. 2:08-cv-00141

KANAWHA COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MIKE RUTHERFORD, OFFICER
J. M. VERNON, OFFICER DICK COLL,
NICHOLAS FRYE, TERRY MITCHELL,
STEPHANIE RHODES, SHERRY QUEEN,
MICHELLE HARRISON, MISTY GARBIN,
AARON MEADOWS,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATIONS

On January 20, 2009, with leave of court, plaintiffs David A. George and Tina N. George, *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 (docket # 62), making additional allegations that the defendants violated their civil rights in connection with the arrest and incarceration of Tina George on September 17, 2007. They seek compensatory damages, court costs, and fees. Pending before this court is the Motion to Dismiss filed on March 2, 2009 (# 66), by defendant J. M. Vernon, a deputy with the Kanawha County Sheriff's Department ("Deputy Vernon").

## AMENDED COMPLAINT ALLEGATIONS

On February 19, 2009, a status and scheduling conference was conducted by the undersigned (#61). At that time, Plaintiffs

asserted that they had filed an Amended Complaint with the District Clerk on January 20, 2009. Plaintiffs presented documents to the court showing transmission of the Amended Complaint to the Clerk. The undersigned instructed the Clerk to enter the Amended Complaint as received on January 20, 2009 (#62).

Plaintiffs' Amended Complaint alleges that Deputy Vernon knew that Tina George had a seizure disorder when she was arrested at approximately noon on September 17, 2007, because she advised him at that time. (# 62 at 1.) It is noted that at the time of her arrest, Tina George was highly agitated when Deputy Vernon handcuffed her. (Complaint, #1 at 2-3.) As Deputy Vernon was placing her in the backseat of the cruiser, Ms. George "head-butted" the door, leaving a dent in the driver's side rear door, which buckled the paint. Id., at 3-4.

Deputy Vernon made his criminal complaint relating to the arrest of Tina George at approximately 1:00 p.m. on September 17, 2007, but did not document Tina George's seizure disorder medical condition in that document. (# 62 at 1.)

Tina George advised officers involved in her booking and medical staff at the South Central Regional Jail ("SCRJ") about her seizure disorder and provided specific medication details and the name and address of her pharmacy. (#62 at 2-3.)

Plaintiffs allege that Tina George had a seizure approximately 24 hours after her arrest, and a second seizure at an unspecified

time, while incarcerated at SCRJ. (#62, at 5-6.)

In Plaintiffs' response to defendant Deputy Vernon's Motion to Dismiss, they assert that a third seizure took place. Plaintiffs' describe the seizures as "one on the toilet, one on the bunk, and one in the booking area." (#77 at 2.)

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 562-563)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell

3

Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

Application of the Rule 12(b)(6) standard also requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. at 555); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### ARGUMENTS OF THE PARTIES

In his Motion to Dismiss, Deputy Vernon argues that he did not have a duty to document Tina George's medical condition within the criminal complaint.  (#67 at 4.) Further, the inclusion of private medical information within such a public document could be construed as a violation of medical privacy statutes, such as the Health Insurance Portability and Accountability Act (HIPAA). (Id.)

4

Deputy Vernon states that Plaintiffs' theory is that he was in a position to be responsible for Tina George's medical condition, so HIPAA regulations could theoretically apply to him. (Id.)

Deputy Vernon also asserts that the Plaintiffs admit in their Amended Complaint that Tina George personally communicated to the jail staff that she had a seizure disorder at the booking, and to SCRJ health care personnel during her incarceration at the jail facility. (Id.) Therefore, any failure on the part of Deputy Vernon, even if such a duty existed, was inconsequential. (Id.)

Finally, Deputy Vernon states that Tina George's simple disclosure that she had a "seizure disorder" did not include any suggestion that her condition required immediate medical attention, was in need of immediate medication, or that there was any other action required by Deputy Vernon. (Id.)

Deputy Vernon argues that Plaintiffs have attempted to plead a claim for "deliberate indifference." However, in considering such claims regarding the medical need of a pre-trial detainee, in violation of due process, the Fourth Circuit Court of Appeals has held that the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective. Grayson v. Peed, 195 F3d 692, 695 (4th Cir. 1999). The Grayson court further held that the "deliberate indifference" required to establish a constitutional claim for depriving a detainee of required medical care is a "very high

standard, and a mere showing of negligence will not meet it." Id. In the absence of the plaintiff's ability to prove the requisite "deliberate indifference," an officer will be afforded qualified immunity. Belcher v. Oliver, 898 F.2d 32, 35-36 (4th Cir. 1990). (#67 at 3.)

Defendant Vernon further asserts that "David George's legal relationship or standing is not pled in the Amended Complaint. Plaintiffs previously pled that at the time of the subject events David George was Tina George's 'ex-husband.'... Accordingly, there is no legal basis for inclusion of any claims for him in the Amended Complaint." (#67 at 3.)

Plaintiffs respond that Deputy Vernon had a reasonable time to document Tina George's seizure disorder medical condition but failed to do so because he was "willfully and intentionally disinterested in Plaintiff's future health and well being." (#77 at 1.) Plaintiffs appear to assert that Deputy Vernon had a increased duty to Tina George because seizures are "life threatening" and because he was her "transport officer" to the SCRJ after the arrest. (#77 at 2.)

## ANALYSIS

### "Deliberate Indifference" Standard

Conditions of confinement of state pre-trial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Cruel and Unusual Punishment Clause of the

Eighth Amendment. Nonetheless, the analysis of such claims under the Fourteenth Amendment shares much in common with the Eighth Amendment approach. As noted by the United States Court of Appeals for the Fourth Circuit in Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997), "[b]oth seek to balance the rights of prisoners and pre-trial detainees against the problems created for officials by the custodial context." Accordingly, courts may look to Eighth Amendment precedent for guidance in addressing claims brought under the Fourteenth Amendment.

A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

A medical condition is serious in two circumstances. First, a serious medical need exists when it has been diagnosed by a physician as mandating treatment, or the need is so obvious that even a lay person would easily recognize the necessity for medical care. Gaudreault v. Munic. of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U. S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

"To establish that a health care provider's actions constitute

deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. See Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. See id. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106.

Miltier, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and healthcare providers is heavy. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

Rush v. VanDevander, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); Banks v. Green Rock Correctional Center Medical Dept., 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For example, in Sosebee, the Fourth Circuit found that if prison guards were aware that a steak bone had pierced an inmate's esophagus, causing infection that

resulted in the inmate's death, and the guards had intentionally abstained from seeking medical help, such conduct might establish deliberate indifference to a serious medical need.

### Qualified Immunity

When defendants in civil rights cases invoke qualified immunity, federal courts apply the qualified immunity principles set forth in Saucier v. Katz, 533 U.S. 194, 200-02 (2001), Anderson v. Creighton, 483 U.S. 635, 639-641 (1987), Harlow v. Fitzgerald, 457 U.S. 800, 817-819 (1982), and many other cases. Government officials performing discretionary functions are generally protected from civil damages liability if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. at 818; Taylor v. Waters, 81 F.3d 429, 433 (4th Cir. 1996).

In a case in which the defense of qualified immunity is raised, the court looks to the evidence before it in the light most favorable to the plaintiff and asks, "do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201. If so, the next step "is to ask whether the right was clearly established." Id.

Based upon the allegations contained in Plaintiffs' Amended Complaint, Plaintiffs have failed to demonstrate that Deputy Vernon was deliberately indifferent to Plaintiff Tina George's serious

9

medical needs.  Tina George did not suffer a seizure while in the presence of Deputy Vernon or indicate that she needed immediate medical attention, and she, herself, informed the officials at the SCRJ of her seizure disorder upon her arrival.  Deputy Vernon had no statutory or common law duty to include Plaintiff's medical condition in his criminal complaint.  Accordingly, under the facts alleged in Plaintiffs' Amended Complaint, Deputy Vernon did not violate Tina George's Fourteenth Amendment rights.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that defendant Deputy Vernon is entitled to qualified immunity for his failure to document Tina George's seizure disorder medical condition.

### Legal Standing of David George

It is noted that David George's legal relationship or standing is not pled in the Amended Complaint.  While Plaintiffs previously pled that, at the time of the subject events, David George was Tina George's ex-husband (#28 at 15:04:56), no claim is made concerning any damages, injury, or cause of action concerning plaintiff David George.  According, the undersigned proposes that the presiding District Judge **FIND** that there is no legal basis for the inclusion of any claims for him in the Amended Complaint related to defendant Deputy Vernon.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that defendant J. M. Vernon's

10

Motion to Dismiss the allegations against him in the Amended Complaint (#66) be **GRANTED**. Deputy Vernon remains a defendant as to the allegations against him in the original complaint.

The parties are hereby notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(B)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is hereby directed to mail a copy of this Proposed

Findings and Recommendation to Plaintiffs, who are acting *pro se*, and counsel of record.

ENTER: October 20, 2009

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge