```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          CHARLESTON

DAVID A. GEORGE and
TINA N. GEORGE,

        Plaintiffs,

v.                                       Case No. 2:08-cv-00141

KANAWHA COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MIKE RUTHERFORD, OFFICER
J. M. VERNON, OFFICER DICK COLL,
NICHOLAS FRYE, TERRY MITCHELL,
STEPHANIE RHODES, SHERRY QUEEN,
MICHELLE HARRISON, MISTY GARBIN,
AARON MEADOWS,

        Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

On January 20, 2009, with leave of court, plaintiffs David A. George and Tina N. George, *pro se*, filed an Amended Complaint under 42 U.S. C. § 1983 (docket # 62), making additional allegations that the defendants violated their civil rights in connection with the arrest and incarceration of Tina George on September 17, 2007. They seek compensatory damages, court costs, and fees. Pending before this court is the Motion to Dismiss Amended Complaint filed on March 26, 2009 (# 78), by Nicholas Frye, Booking Clerk; Terry Mitchell, Booking Clerk; and Stephanie Rhodes of South Central Regional Jail ("SCRJ").

## AMENDED COMPLAINT ALLEGATIONS

On February 19, 2009, a status and scheduling conference was conducted by the undersigned (#61). At that time, Plaintiffs asserted that they had filed an Amended Complaint with the District Clerk on January 20, 2009. Plaintiffs presented documents to the court showing transmission of the Amended Complaint to the Clerk. The undersigned instructed the Clerk to enter the Amended Complaint as received on January 20, 2009 (#62).

Plaintiffs' Amended Complaint alleges that Deputy J. M. Vernon ("Vernon") knew that Tina George had a seizure disorder when she was arrested at approximately noon on September 17, 2007, because she advised him at that time. (# 62 at 1.) It is noted that at the time of her arrest, Tina George was highly agitated when Deputy Vernon handcuffed her. (Complaint, #1 at 2-3.) As Vernon was placing her in the backseat of the cruiser, Ms. George "head-butted" the door, leaving a dent in the driver's side rear door, which buckled the paint. Id., at 3-4.

Vernon made his criminal complaint relating to the arrest of Tina George at approximately 1:00 p.m. on September 17, 2007, but did not document Tina George's seizure disorder medical condition in that document. (#62 at 1.)

Tina George advised booking clerks Nicholas Frye, Terry Mitchell, and Stephanie Rhodes, and medical staff at the South Central Regional Jail ("SCRJ") about her seizure disorder and

provided specific medication details, including the name and address of her pharmacy. (#62 at 2-3.)

Plaintiffs allege that Tina George had a seizure approximately 24 hours after her arrest, and a second seizure at an unspecified time, while incarcerated at SCRJ. (#62, at 5-6.)

In Plaintiffs' response to defendant Vernon's Motion to Dismiss, they assert that a third seizure took place. Plaintiffs' describe the seizures as "one on the toilet, one on the bunk, and one in the booking area." (#77 at 2.) It is noted that this description is not included in Plaintiffs' response to defendants Nicholas Frye, Terry Mitchell, and Stephanie Rhodes's Motion to Dismiss (#83).

In the Amended Complaint, Plaintiffs state that "immediately following the seizure activity inmate held her head and cried, "It hurts." (#62 at 4.) Plaintiffs assert Tina George was injured at SCRJ during her seizure activity (which occurred approximately 24 hours after her initial incarceration), was denied medical attention and seizure medication. (#62 at 4-5.)

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can

be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 562-563)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Application of the Rule 12(b)(6) standard also requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. at 555); see also South

4

Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### ARGUMENTS OF THE PARTIES

In the Motion to Dismiss, defendants Nicholas Frye, Terry Mitchell, and Stephanie Rhodes - all employed at SCRJ - assert that Plaintiffs' Amended Complaint fails to state any cognizable claim against them.  Specifically, defendants argue that Plaintiffs' Amended Complaint fails to assert that Defendants breached any statutory or common law duty owed to them:

> Plaintiff's Amended Complaint alleges only the above named persons were present when Plaintiff was booked into the SCRJ.  Plaintiff makes no allegation that these Defendants acted in anyway which violated a right, privilege, or immunity secured by Federal Law, or the United States Constitution.  Plaintiff only alleges that Defendants recorded answers to routine booking questions.  This is insufficient to state a claim.
>
> Plaintiff has failed to state a cognizable claim regarding medical care.  A denial of medical treatment claim cannot be brought against Jail Personnel absent the allegation that the Defendant was personally connected with the denial. *Vinnedge v. Gibbs*, 550 F.2d 962 (4th Cir. 1977).  The Plaintiffs make no such cognizable claims concerning Defendants.

(#78 at 1-2.)

Defendants argue that to establish a prima facie violation of the Eighth Amendment for inadequate medical care, a plaintiff must

5

show that the defendant was "deliberately indifferent" to the plaintiff's "serious medical needs." (#79 at 1.) Defendants assert that

> Plaintiff alleged she was seen by a nurse, but was dissatisfied with the medical services that Prime Care delivered. A mere disagreement between an inmate and their healthcare professional is insufficient to state a claim against jail personnel. The Regional Jail and Correctional Facility Authority does not operate the Medical Unit of any of its facilities. Medical Care units are operated, controlled, and supervised by PrimeCare Medical, an independent contractor. Plaintiff makes no showing that the alleged inadequate medical provided by PrimeCare Medical is a part of an official policy or custom for which named defendants are responsible. *Fisher v. Washington Metropolitan Area Transit Authority*, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Similarly, Plaintiff has not alleged that Defendants actively participated or acquiesced in any violation. *Bursy v. Weatherford*, 528 F.2d 483 (4th Cir. 1975). Similarly there is no allegation that Defendants failed to supervise medical staff, assuming such reasoning is relevant. (As noted earlier Defendants do not supervise PrimeCare Medical employees and have no authority over them.) *Davis v. Zhradinick*, 600 F.2d 458 (4th Cir. 1979). Finally, the Plaintiff fails to demonstrate knowledge of a pervasive risk of harm. *Oripane v. Johnson*, 632 F.2d 1096, 1101 (4th Cir. 1980).
>
> The West Virginia Minimum Standards of Construction, Operation and Maintenance of Jails is very clear concerning jail personnel's role in health care. "Medical, dental and mental health decisions involving clinical judgments shall be the sole (emphasis added) province of the responsible health care provider." 95CSR1, §14.2 (emphasis added). "Medical decisions shall be made only by the physicians or his or her designee." 95CSR1, §14.5 (emphasis added). Medical decisions were not and may not be made by jail staff. Plaintiff admits in the amended complaint that she received health care attention. No claim is stated against named defendants.

(#79 at 2-3.)

Plaintiffs argue that defendants' Motion to Dismiss should not

6

be granted because "upon arrival, Plaintiff advised female officer, name not known, of seizure disorder" yet the "intake officers (did not) document Plaintiff's medical condition." (#83 at 1.) Plaintiffs also assert that "Officers of SCRJ did indeed falsify documentations (sic; documents)." (#83 at 2.) Plaintiffs do not detail what documents were allegedly falsified.

## ANALYSIS

### "Deliberate Indifference" Standard

Conditions of confinement of state pre-trial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Cruel and Unusual Punishment Clause of the Eighth Amendment. Nonetheless, the analysis of such claims under the Fourteenth Amendment shares much in common with the Eighth Amendment approach. As noted by the United States Court of Appeals for the Fourth Circuit in Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997), "[b]oth seek to balance the rights of prisoners and pre-trial detainees against the problems created for officials by the custodial context." Accordingly, courts may look to Eighth Amendment precedent for guidance in addressing claims brought under the Fourteenth Amendment.

A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

A medical condition is serious in two circumstances. First, a serious medical need exists when it has been diagnosed by a physician as mandating treatment, or the need is so obvious that even a lay person would easily recognize the necessity for medical care. Gaudreault v. Munic. of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U. S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. See Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. See id. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106.

Miltier, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a

8

serious medical need by correctional officials and healthcare providers is heavy. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

Rush v. VanDevander, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); Banks v. Green Rock Correctional Center Medical Dept., 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For example, in Sosebee, the Fourth Circuit found that if prison guards were aware that a steak bone had pierced an inmate's esophagus, causing infection that resulted in the inmate's death, and the guards had intentionally abstained from seeking medical help, such conduct might establish deliberate indifference to a serious medical need.

Tina George personally communicated to the jail staff at booking that she has a seizure disorder. She also provided this information to PrimeCare personnel during her incarceration at the jail facility (#62 at 2). Plaintiffs' Amended Complaint (#62) and Response to the Motion to Dismiss (#83) do not assert that Tina George needed immediate medical attention during the initial booking time when defendants Nicholas Frye, Terry Mitchell, and Stephanie Rhodes were present (#83 at 1-2). Accordingly, under the facts alleged in Plaintiffs' Amended Complaint, defendants Nicholas Frye, Terry Mitchell, and Stephanie Rhodes of SCRJ did not violate

9

Tina George's Fourteenth Amendment rights.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Plaintiffs have failed to state a cognizable claim against defendants Nicholas Frye, Terry Mitchell, and Stephanie Rhodes of SCRJ.

### Legal Standing of David George

It is noted that David George's legal relationship or standing is not pled in the Amended Complaint. While Plaintiffs previously pled that, at the time of the subject events, David George was Tina George's ex-husband (#28 at 15:04:56), no claim is made concerning any damages, injury, or cause of action concerning plaintiff David George. According, the undersigned proposes that the presiding District Judge **FIND** that there is no legal basis for the inclusion of any claims for him in the Amended Complaint related to defendants Nicholas Frye, Terry Mitchell, and Stephanie Rhodes.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that defendants Nicholas Frye, Terry Mitchell, and Stephanie Rhodes's Motion to Dismiss (#78) be **GRANTED** with prejudice.

The parties are hereby notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(B)(1)(B), and Rule 6(e) and 72(b), Federal Rules of

Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is hereby directed to mail a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and counsel of record.

ENTER: October 21, 2009

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge